# DECISIONS

### OF THE

# COURT OF APPEALS OF KENTUCKY.

## WINTER TERM, 1854.

Commonwealth *vs.* Allen.                                                    INDICTMENT.

**ERROR TO MEADE CIRCUIT.**                                          Case 1.

An indictment for keeping a tippling house is good without an averment
that the defendant had no license to sell spirituous liquors. (*Com-
monwealth vs. Harvey, M. S. opinion, June term,* 1853.)

Judge SIMPSON delivered the opinion of the court.        June 16.

The indictment in this case charges the defendant        An indictment
with having kept a tippling house, but it does not al-    for keeping a
                                                         tippling house is
lege that she had no license which authorized her to     good without an
sell spirituous liquors. The court below quashed the     averment that
                                                         the defendant
indictment as insufficient. The necessity of an aver-    had no license
ment in such an indictment that the defendant kept       to sell spirituous
                                                         liquors. (*Com-
a tippling house without a license is the only ques-     monwealth v.
tion for adjudication.                                    Harvey, M. S.
                                                         Opinion, June
This question is made under the Revised Statutes.        Term,* 1853.)
They declare that "any person, unless he shall have
a license therefor, who shall sell, in any quantity,
wine or spirituous liquors, &c., shall be deemed guil-
ty of keeping a tippling house."

The averment that the defendant has kept a tip-
pling house, necessarily implies that she has no li-
cense, for it is the fact of selling, to be drank in the
house, or on the adjacent premises, without a license,

that constitutes her the keeper of a tippling house. If she had a license which authorized her to sell, she is not guilty of keeping a tippling house. It is not necessary therefore to allege in an indictment or presentment for keeping a tippling house, that it was done without a license, for the selling must have been so done, or the charge of keeping a tippling house is not true. This question was so decided in the case of the *Commonwealth vs. Harvey*, (June term, 1853,) and we still think the decision is correct.

Wherefore, the judgment is reversed, and cause remanded that the defendant's motion to quash the indictment may be overruled, and for further proceedings consistent with this opinion.

*Harlan, Attorney General,* for plaintiff.